United States District Court
District of Minnesota
Civil No. 19-3027 (DSD/ECW)

Richard Larson, Jr.

    Plaintiff,

v.                                                            ORDER

State of Minnesota, Police in
Several Jurisdictions, and FBI,

    Defendants.

    This matter is before the court upon Magistrate Judge Elizabeth Cowan Wright's report and recommendation (R&R) that pro se plaintiff Richard Larson Jr.'s complaint be dismissed for failure to prosecute. On December 13, 2019, after determining that Larson's complaint was frivolous in its original form, the magistrate judge issued an order on Larson's application to proceed in forma pauperis (IFP) directing him to file an amended complaint providing more detail on his allegations. The order gave Larson 30 days to file his amended complaint and informed him that, should he fail to do so, the magistrate judge would recommend dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). Larson failed to file an amended complaint within those 30 days, and the magistrate judge recommended dismissal of Larson's action on January 23, 2020.

    On January 27, 2020, Larson filed what has been deemed an objection to the R&R, but which appears to be an attempt to amend

his complaint with additional information regarding his allegations.  Although the R&R was properly issued, given that Larson has now submitted what may be interpreted as an amended complaint, the court will consider this new filing.  Based on a review of the filings, record, and proceedings herein, and for the following reasons, the court dismisses Larson's action.

Under 28 U.S.C. § 1915, although a pro se litigant may qualify financially for IFP status, an action may be dismissed when the litigant has filed a complaint that is frivolous.  See 28 U.S.C. § 1915(e)(2)(B)(i); Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").  As the magistrate judge concluded in the December 13, 2019, order, Larson's original complaint was frivolous because it lacked "an arguable basis in law or in fact."  See ECF No. 3, at 3 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Larson's newest filing does nothing to remedy this deficiency.  In addition to a description of his case that mirrors the claims made in his original complaint, the recent filing includes exhibits.  These exhibits include a competency order and evaluation regarding a state criminal case in which Larson was involved, two trespassing notices against Larson filed by local businesses, and applications for restraining orders sought by

2

Larson against members of his family and vice versa.  Despite Larson's efforts, these exhibits still do not help to explain how the named defendants — the State of Minnesota, the Federal Bureau of Investigations, and the City of Champlin — allegedly harmed Larson or how they may be legally liable to him in any way.  As such, Larson's complaint lacks an arguable basis in law or in fact, and it is proper to dismiss the action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  See Neitzke, 490 U.S. at 325; Radabaugh v. Corp. Tr. Co., Civil No. 17-1559, 2017 WL 8944024, at *4 (D. Minn. May 22, 2017), R&R adopted, 2017 WL 4023102 (D. Minn. Sept. 13, 2017).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 4] is rejected;

2. The application to proceed in forma pauperis [ECF No. 2] is denied; and

3. This action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 21, 2020

> s/David S. Doty
> David S. Doty, Judge
> United States District Court